IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS A. LONG, Personal                    Civ. No. 05-6383-AA
Representative of the estate
of WILLIAM M. LONG,                         OPINION AND ORDER

        Plaintiff,
    v.

UNITED STATES OF AMERICA,
DEPARTMENT OF VETERANS' AFFAIRS,
and ROSEBURG HEALTHCARE SYSTEM,

        Defendants.

---

Daniel W. Goff, P.C.
310 East 11th Ave.
Eugene, OR 97440
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
Kelly A. Zusman
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
    Attorneys for defendants

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed suit against defendants the United States of America, the Department of Veterans' Affairs, and the Roseburg Healthcare System alleging a claim for wrongful death under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). Defendants move for dismissal on grounds of lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), because plaintiff's claim is time-barred.

## STANDARDS

In deciding a motion to dismiss for lack of subject matter jurisdiction, the district court may review evidence to resolve underlying factual disputes concerning the issue of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The consideration of such evidence does not convert the motion into one for summary judgment. Id.; Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983). However, if the resolution of factual issues goes to the merits of the case, the court may not resolve genuinely disputed facts. Careau Group v. United Farm Workers of America, AFL-CIO, 940 F.2d 1291, 1293 (9th Cir. 1991).

## DISCUSSION

On December 22, 2000, decedent William M. Long died in defendants' hospital in Roseburg, Oregon, as a result of injuries sustained in a fall while in the hospital for treatment of pneumonia. On December 20, 2003, plaintiff filed an administrative

2 - OPINION AND ORDER

claim with the Department of Veterans' Affairs seeking damages for wrongful death.  On January 18, 2005, plaintiff's administrative claim was denied.  On December 19, 2005, plaintiff filed this wrongful death action pursuant to the Federal Tort Claims Act, eleven months after receiving notice that the administrative claim was denied.

Defendants argue that plaintiff's wrongful death claim is untimely, because plaintiff failed to file suit in U.S. District Court within six months from the date that the denial of the administrative claim was received.  See 28 U.S.C. § 2401(b). Plaintiff responds that the claim is not time-barred, because he filed suit within six months after mailing a timely request for reconsideration of the administrative denial.

Under the FTCA, a tort claim against the United States is "forever barred" unless: 1) the claim is presented to the appropriate agency within two years after the claim accrues; or 2) an action is commenced in federal court within six months after the final denial of the claim is mailed by the relevant agency.  28 U.S.C. § 2401(b).  However, a timely request for reconsideration of an administrative denial tolls the six-month period for filing suit in federal court.  28 C.F.R. § 14.9(b).  The burden of proving that the agency actually received a request for reconsideration rests with the plaintiff.  Moya v. United States, 35 F.3d 501, 504 (10th Cir. 1994).

3 - OPINION AND ORDER

Here, plaintiff fails to meet that burden.  Plaintiff relies on an unsigned letter seeking reconsideration of the administrative denial allegedly prepared and mailed to the Department of Veterans' Affairs on June 21, 2005.  Declaration of Kelly A. Zusman, Ex. A, p. 2.  Plaintiff's counsel avers by affidavit that he specifically remembers drafting and sending a letter on that date seeking reconsideration of plaintiff's tort claim.  Affidavit of Daniel W. Goff.  However, counsel did not send the letter by certified mail or by any other method providing for return receipt, and plaintiff presents no evidence that the Department of Veterans' Affairs actually received the letter requesting reconsideration. Counsel's letter does not indicate by what method it was delivered, in contrast to previous letters sent by plaintiff's counsel to the Department of Veterans' Affairs.  Declaration of Rex Cray (Cray Decl.), Ex. A, p. 1.  Moreover, plaintiff did not send the letter to the correct addressee provided by defendants in their denial of plaintiff's administrative claim.  See Cray Decl., Ex. B, p. 1. Finally, defendants assert that an exhaustive search of their records reveals no request for reconsideration or anyone having recollection of plaintiff's request.  Cray Decl., pp. 2-3; Declaration of Toni M. Hanush.

The facts in this case are similar to those in Bailey v. United States, 642 F.2d 344, 347 (9th Cir. 1981), where the Ninth Circuit held that an FTCA claimant failed to establish timely

4 - OPINION AND ORDER

presentation of his administrative claim where he proved only that he had mailed an administrative complaint. Specifically, the court held that a presumption of receipt did not apply and that plaintiff's counsel had a duty to ensure that the claim was received either by certified mail or by confirming receipt with the agency. Id. Likewise, in Moya, the Tenth Circuit found that an affidavit of counsel stating that the request for reconsideration was mailed did not establish a presumption of receipt by the agency. Moya, 35 F.3d at 504. Plaintiff here similarly presents nothing more than counsel's assertion that the request for reconsideration was mailed. See Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985) ("[M]ailing is not presenting; there must be receipt.").

Plaintiff nonetheless argues that principles of equitable estoppel should apply to toll the relevant limitations period. However, plaintiff presents no argument or evidence to support application of either equitable tolling or equitable estoppel in these circumstances. Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998) (equitable tolling focuses on "the plaintiff's excusable ignorance of the limitations period" while equitable estoppel focuses on acts of the defendant). Plaintiff was aware of the limitations period, and plaintiff presents no evidence that defendants engaged in affirmative misconduct that he relied on to his detriment. Id. at 1016-17.

5 - OPINION AND ORDER

Neither the Supreme Court nor the Ninth Circuit "has departed from the principle that the [FTCA] 'waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.'" Bailey, 642 F.2d at 346 (quoting United States v. Kubrick, 444 U.S. 111, 117-18 (1979)).  To permit plaintiff to proceed with this claim with no evidence that the Department of Veterans' Affairs received a request for reconsideration within the requisite time frame would undermine the explicit statutory time limitations set forth under the FTCA.

## CONCLUSION

For the reasons given above, defendants' Motion to Dismiss (doc. 6) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this ___25___ day of April, 2006.


                    /s/ Ann Aiken
                    Ann Aiken
            United States District Judge

6 - OPINION AND ORDER